IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Penny Yang, trustee of the Wang Pin Kuan Yang Trust of Chicago, and The Wang Pin Kuan Yang Trust of Chicago ) ) ) ) | Civ. Act. No. 2024 cv |
| Plaintiff, ) ) ) | **COMPLAINT** |
| v. ) ) | |
| Louis DeRiggi, ) ) | |
| Defendants ) ) | |

**COMPLAINT**

NOW COMES plaintiff WANG PIN KUAN "PENNY" YANG ("Penny"), as trustee of the Wang Pin Kuan Trust, and THE WANG PIN KUAN TRUST (the "Trust," and together with Penny, "Plaintiff" or "Owner"), and for her Complaint against defendant LOUIS DERIGGI ("Deriggi" or "Defendant"), states as follows:

**INTRODUCTION**

1. This case is a slander-of-title action brought under diversity jurisdiction as between citizens of the State of Illinois and the State of Florida, arising out of a fraudulent mechanic's lien filed by Defendant against the property owned by Plaintiff.

**PARTIES, JURISDICTION AND VENUE**

2. Penny is domicilied in and a citizen of the State of Illinois.

3. The Trust is domiciled in and a citizen of the State of Illinois.

4. DeRiggi is domiciled in and a citizen of the State of Florida. DeRiggi is the President and sole shareholder in DeRiggi Construction Company, Inc.

1

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the parties are citizens of two different states.

6. Venue is appropriate in the Eastern Division of the United States District Court for the Northern District of Illinois because a substantial portion of the events and the property owned by Plaintiff occurred in Will County, Illinois.

## BACKGROUND FACTS

7. On April 28, 2016, Owner entered into a written contract with Defendant (the "Contract") for construction of a single-family home on a lot owned by Plaintiff and commonly known as 233 Fuller Road, Hinsdale, Illinois 60521 (the "Property").

8. DeRiggi agreed to build a single-family house, per the plans and specifications, for the contract sum of $580,000.00.

9. A dispute arose between the parties as to whether DeRiggi had been paid in full.

10. On April 4, 2019, DeRiggi Construction Company, Inc. recorded an Original Mechanic's Lien with the DuPage County Recorder of Deeds against title to the Property, claiming under oath that it had only been paid $571,656.63 and claiming a balance of $46,373.34 due and owing from Owner. A true and correct copy of this Original Mechanic's Lien is attached hereto as ***Exhibit "A"***.

11. On May 2, 2019, Deriggi Construction Company, Inc. filed a complaint to foreclose upon this Mechanic's Lien in the Circuit Court of the 18th Judicial Circuit, in DuPage County, Illinois.

12. In fact, DeRiggi's calculations were incorrect: Owner actually paid DeRiggi or caused DeRiggi to be paid the amount of $617,463.38, or substantially all of DeRiggi's claimed job costs, including "extras."

13. Upon information and belief, DeRiggi's claimed job costs were also fraudulently inflated.

14. On November 7, 2019, DeRiggi caused to be recorded with the DuPage County Recorder of Deeds, as Document No. R2019-102943, a "Partial Release of Original Contractor's Claim for Mechanic's Lien" (the "Partial Release"). This Partial Release, attached hereto as **Exhibit "B"**, recited under oath that on April 4, 2019, DeRiggi recorded its Original Mechanic's Lien claiming the amount of $46,373.34 as due, and that DeRiggi "does hereby release the said claim of lien to the extent of $33,873.34, specifically reserving the said claim for lien to the extent of $12,500.00."

15. Owner has been forced to incur over $75,000 in legal fees and expenses, and suffer a cloud on title that has caused Owner to be unable to move, sell or refinance, causing Owner to incur interest expenses and other compensatory damages, due to DeRiggi's fraudulent and slanderous mechanic's lien.

<u>COUNT I</u>

**SLANDER OF TITLE**

16. Plaintiff incorporates by reference the allegations in the aforementioned paragraphs in this paragraph as if fully set forth herein.

17. By filing its Original Mechanic's Lien, DeRiggi caused to be published written words that falsely disparaged Owner's title in the Property and put the whole world on notice that the Property was and continued to be encumbered by DeRiggi Construction Company, Inc and was not free and clear of liens.

18. Specifically, DeRiggi caused his company to record a Mechanic's Lien, wherein he attested under oath that (1) that, in addition to performing general contracting services "of a value and for the sum of $580,000," his company "performed additional general-contracting services to construct a new home for the afore-described real property of a value of $92,081.00", (2) that on March 4, 2019, his company had "substantially completed all required of Claimant by the said

3

contract," (3) that his company had "received $571,656.63 pursuant to the said contract," (4) that his company had "issued credit in the amount of $54,051.03 against the contract price," (5) that neither Penny Wang Pin Kuan Yang Trust nor any other party has made any further payment or is entitled to any further credit" beyond the $571,656.63 claimed to be paid, and (6) that his company was "due, unpaid and owing … the balance of $46,373.34," for which his company claimed a lien against title.

19. Each of these statements was materially false and made with a degree of malice aforethought, or with reckless disregard for the truth.

20. For instance, as can be seen from the Sworn Contractor's Statement dated May 7, 2019, attached hereto as **Exhibit "C"**, DeRiggi Construction Company did not incur or pay construction costs in excess of the contract price of $580,000, or otherwise incur or pay for "additional" or "extra work" bringing the total amount in excess of the amount paid. Instead, less than a week after filing his complaint to foreclose, DeRiggi signed a sworn statement attesting that his company's construction costs were only $419,243.20.

21. Additionally, DeRiggi's claim to have only been paid $571,656.63 by Owner or on behalf of Owner is false, as he would later admit under oath that he had, in fact, been paid the amount of of $617,463.38 by or on behalf of Owner or her children.

22. The fact of his filing a "Partial Release" six months after filing his complaint to foreclose shows that his sworn statements in his Original Mechanic's Lien were false, and known to be false when made, or were made with reckless disregard for the truth, and additionally shows malice or reckless disregard for the truth of his published statements, as his "Partial Release" was filed after DeRiggi learned that his original lien claim amount was incorrect, due to his own accounting error.

23. The slander of title perpetrated by DeRiggi in his now dissolved company's name is a continuing tort and an ongoing publication because DeRiggi has failed to cause his company to record a release of its amended lien claim.

24. Due to DeRiggi's wrongful disparagement of Owner's title to the Property, Owner has incurred special damages in the form of attorneys' fees and costs in fighting the foreclosure action in excess of $75,000.

25. Additionally, due to DeRiggi's wrongful disparagement of Owner's title to the Property, Owner has been unable to sell or refinance the mortgage on the Property at a more favorable rate, and has thus incurred additional interest expenses and expenses regarding mortgage payments, and other direct costs and expenses such as property tax payments that could have been avoided.

WHEREFORE, plaintiffs PENNY YANG and THE WANG PIN KUAN YANG TRUST hereby pray for a judgment in an amount in excess of $75,000, plus their reasonable attorney's fees and costs, against defendant LOUIS DERIGGI, for punitive damages, and for such other and further relief as is just.

    Respectfully submitted,

    PENNY YAND and THE WANG PIN
    KUAN YANG TRUST

    _____
    Through their attorneys

Shorge Sato (#6278382)
Engaged Counsel
600 N. Kingsbury St. Unit 910
Chicago, IL 60654
(773) 206-7630
ssato@shoken-legal.com