UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNY YANG, TRUSTEE OF THE WANG PIN KUAN YANG TRUST OF CHICAGO, AND THE WANG PIN KUAN YANG TRUST OF CHICAGO., <br>        Plaintiff, <br><br>       v. <br><br>LOUIS DERIGGI, <br><br>        Defendant. | No. 24 CV 2734 <br><br> Judge Georgia N. Alexakis |

**MEMORANDUM OPINION AND ORDER**

Plaintiff asks this Court to reconsider the August 2, 2024 dismissal of her complaint. [20] The court previously presiding over this matter dismissed plaintiff's complaint because she did not articulate a basis for finding defendant personally liable for slander of title. *Id.* at 2-3. The matter has since been reassigned to this Court [21], which finds no valid basis for reconsideration. Plaintiff's motion to reconsider is therefore denied.

Motions for reconsideration are generally disfavored and rarely granted. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *Gerba v. Nat'l Hellenic Museum*, 351 F. Supp. 3d, 1097, 1098 (N.D. Ill. 2018). But, relevant here, a district court may reconsider a prior decision where a party has been "patently misunderstood" or there has been "an error not of reasoning but of apprehension." *Bank of Waunakee*, 906 F.2d at 1191. Still, a party may not use its

motion for reconsideration to "advance arguments already rejected by the Court or new legal theories not argued before the ruling[.]" *Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010) (cleaned up). And in the same vein, a request for reconsideration should not hinge on previously available, but uncited, cases. *See McCarty v. Menards*, 327 F.R.D. 177, 188 (N.D. Ill. 2018) (refusing to consider newly cited cases cited in a motion for reconsideration); *Pekin Ins. Co. v. United Pet Grp., Inc.*, 2014 WL 13116590, at *1 (N.D. Ill. Mar. 7, 2014) (same); *see also Gerba*, 351 F. Supp. 3d at 1100 ("In the future, the [party] should 'wheel out all its artillery in the first go around' … rather than waiting for a do-over that will likely never come.") (cleaned up).

Yet in seeking reconsideration, plaintiff runs afoul of these prohibitions. In her response to defendant's motion to dismiss, plaintiff claimed that "[i]t is well-established under Illinois law … that a corporate officer or shareholder can be held personally liable for torts in which he directly or actively participated." [16] at 11. To support this assertion, though, plaintiff cited three inapposite cases. *Id.* Two of the cases plaintiff cited discussed when a parent company can be held liable for the acts of a corporate subsidiary. *See Forsythe v. Clark USA, Inc.*, 224 Ill.2d 274, 281-92 (2007); *Esmark, Inc. v. NLRB*, 887 F.2d 739, 757 (7th Cir. 1989). The third case concerns a state statutory violation not relevant here. *See People ex rel. Madigan v. Lincoln Ltd.*, 2016 IL App (1st) 143487, ¶ 58 (concerning a violation of Illinois' Environmental Protection Act).

Presented with irrelevant cases, the previous Court reasonably interpreted plaintiff's argument—that Louis DeRiggi, the individual, be held liable for the acts of DeRiggi Construction Company, Inc.—as a veil-piercing one. [20] at 2. Even more reasonably, the previous Court found no basis in the complaint for taking this extraordinary step, where plaintiff did not allege that DeRiggi, the individual, and DeRiggi, the company, shared "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist," or that "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 379 (7th Cir. 2008) (cleaned up).

Perhaps realizing her mistake, in her motion for reconsideration, plaintiff now cites two new cases to support her argument that defendant DeRiggi is individually liable for the actions of DeRiggi Construction Company, Inc. [22] at 2-3 (citing *Itofca, Inc. v. Hellhake*, 8 F.3d 1202, 1204 (7th Cir. 1993), and *Musikiwamba v. Essi, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985)). Unfortunately, the earlier court did not have the benefit of these citations. And because a motion for reconsideration does not allow a party to remake arguments available to it during the original round of briefing, this Court will not consider plaintiff's freshly presented support for her argument.

Instead, this Court reconsiders plaintiff's response to defendant's motion to dismiss as the earlier Court did: as a veil-piercing argument. Turning to her complaint, plaintiff's own allegations—and supporting documentation—focus on DeRiggi Construction Company, Inc., not the individual DeRiggi. Plaintiff alleges

3

that "DeRiggi Construction Company, Inc. recorded an Original Mechanic's Lien … claiming under oath that it had only been paid $571,656.63," [1] ¶¶ 10, 17; that "DeRiggi Construction Company, Inc., filed a complaint to foreclose upon this Mechanic's Lien," *id.* ¶ 11; and that DeRiggi Construction Company, Inc., subsequently released part of "*its* Original Mechanic's Lien," *id.* ¶ 14 (emphasis added). Moreover, as the earlier court pointed out, it was not the individual defendant's name, but DeRiggi Construction Company, Inc., that was listed alongside plaintiff's on both the construction contract and the subsequent lien. [20] at 1-2. In short, neither plaintiff's complaint nor her response to defendant's motion to dismiss provide any basis for piercing the corporate veil.[1]

Plaintiff had the opportunity to amend her complaint to clarify the basis of her allegations against defendant. *Id.* at 2. She chose not to do so. Therefore, because there was no misapprehension of her argument regarding defendant's liability, as it was advanced in her response to defendant's motion to dismiss, *Bank of Waunakee*, 906 F.2d at 1191, plaintiff's motion for reconsideration is denied and her complaint

---

[1] Although plaintiff alleges that defendant is the "President and sole shareholder" of DeRiggi Construction Company, Inc., [1] ¶ 4, this allegation alone is not enough to establish the defendant's liability for his company's torts. *See Firstar Bank, N.A. v. Faul Chevrolet, Inc.*, 249 F. Supp. 2d 1029, 1040 (N.D. Ill. 2003) ("[T]his evidence, which must exist in countless small corporations, is not suggestive of a unity of interest." (citing *Melko v. Dionisio*, 219 Ill. App. 3d 1048, 1064 (2d Dist. 1991) ("[T]he mere allegation that [defendant] was a dominant or sole shareholder is insufficient to enable a court to disregard the separate corporate existence."))).

4

is dismissed with prejudice.

_____
Georgia N. Alexakis
United States District Judge

Date: September 10, 2024

5